## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JOSEPH TORRES,

        Applicant,

v.                               No.  CIV-08-1202 WJ/LAM

GEORGE TAPIA, et al.,

        Respondents.

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION *(Doc. 23)*

**THIS MATTER** is before the Court on the *Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 23)* (hereinafter "*PF&RD*"), filed on September 15, 2009.  On September 23, 2009, Applicant Joseph Torres filed a document titled *Motion in Objection to Mag[i]strate Judge['s] Recommendation[]s and Proposed [F]inding[]s (Doc. 26)* (hereinafter "*Objections*"), and on October 5, 2009, Mr. Torres filed an *Amended Motion to Mag[i]strate[] Judge[']s Recommendation[]s and Objection to Pro[p]osed [F]indings (Doc. 28)* (hereinafter "*Amended Objections*").  The *Amended Objections* were filed three days after the deadline for filing objections had passed; however, the Court notes that the *Amended Objections* were received by the Court on October 5, 2009, which indicates that Mr. Torres actually sent them to the Court at least a couple of days prior to that date.  *See Amended Objections (Doc. 28)* at 5 (envelope containing *Amended Objections* from Mr. Torres stamped "Received" by the Court on October 5, 2009).  The Court, in its discretion and in the interests of justice, will consider Mr. Torres' *Amended Objections* even though they were filed late.

Respondents did not file any objections to the **PF&RD** nor any response to either Mr. Torres' **Objections** or **Amended Objections**. The Court has conducted a *de novo* review of those portions of the **PF&RD** to which Mr. Torres objects and finds that both the **Objections** and **Amended Objections** are without merit. In addition, Mr. Torres recently filed a **Motion to Counsel, Motion Evidentual [sic] Hearing, Motion for Basic Br[ie]f by Petitioner** *(Doc. 31)* on October 26, 2009, which the Court has also considered and found to be without merit. Accordingly, the Court has determined that it will: (1) overrule Mr. Torres' **Objections** and **Amended Objections**; (2) adopt the **PF&RD**; (3) deny Mr. Torres' **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody** *(Doc. 1)* (hereinafter "**Application**"), **Motion for Respond[e]nts to Submit Additional State Court Records** *(Doc. 17)*, **Petitioner's Motion to Ask the Court for Other Recordings and Viod [sic] Transcript[]s** *(Doc. 19)*, **Motion for Order of Transcripts** *(Doc. 20)*, and **Motion to Counsel, Motion Evidentual [sic] Hearing, Motion for Basic Br[ie]f by Petitioner** *(Doc. 31)* as lacking merit; and (4) enter a judgment dismissing this case with prejudice.

Mr. Torres' objects to the United States Magistrate Judge's finding that one of Mr. Torres' attorneys, Mr. Granger, was not ineffective for failing to investigate or interview witnesses. **Objections** *(Doc. 26)* at 1-2; **Amended Objections** *(Doc. 28)* at 2. Mr. Torres states that he was prejudiced by Mr. Granger's ineffective assistance because, even though one of the witnesses Mr. Torres states should have been interviewed had fled the scene of the alleged incident prior to police arrival, Mr. Torres alleges that one of the state's witnesses who was interviewed had also fled the scene and, therefore, both witnesses should have been allowed to testify. **Objections** *(Doc. 26)* at 2; **Amended Objections** *(Doc. 28)* at 2. As explained in the **PF&RD** *(Doc. 23)* on page 17, to prevail on an ineffective assistance of counsel claim, Mr. Torres must show that (a) his attorney's

2

performance fell below an objective standard of reasonableness, and (b) he was prejudiced by the attorney's deficient performance. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To satisfy the prejudice prong of *Strickland*, Mr. Torres has to show that, but for his counsel's errors, Mr. Torres would not have pleaded guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (to determine whether counsel's alleged failure to investigate or discover potentially exculpatory evidence prejudiced the defendant, the Court must determine "the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea"); *see also United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1993) (defendant's "mere allegation that, but for [his counsel's alleged error], he would have insisted on going to trial, is insufficient to establish prejudice"). The Court agrees with the Magistrate Judge's finding that Mr. Torres fails to allege prejudice based on Mr. Granger's alleged ineffectiveness and fails to allege that, if the witness had been interviewed, Mr. Torres would not have pled guilty. *See **PF&RD** (Doc. 23)* at 18. The Court, therefore, overrules this objection.

Next, Mr. Torres objects to the Magistrate Judge's finding that his other counsel, Mr. Montrose, was not ineffective for allegedly misrepresenting that Mr. Torres would serve only 50% of his sentence if he signed the plea agreement, instead of the 85% he is now serving. ***Objections** (Doc. 26)* at 3. In his ***Objections***, Mr. Torres states for the first time that Mr. Montrose told him that Mr. Montrose and the district attorney had agreed to speak to the state court judge about dropping the crime with which Mr. Torres was charged from a serious violent offense to a non-violent offense so that Mr. Torres would be eligible for earning 50% good time credits. *Id.* Because this is the first time Mr. Torres has raised the theory that Mr. Montrose stated that he would speak to the state court judge about changing the crime to which Mr. Torres pled guilty, the issue is deemed waived and this objection is overruled. *See United States v. Garfinkle*,

3

261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the Magistrate Judge's report are deemed waived.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).  More importantly, however, and as explained in the **PF&RD** *(Doc. 23)*, pursuant to N.M. Stat. Ann. § 33-2-34(A)(1) (1978), because Mr. Torres pled guilty and was convicted of a serious violent offense, the state district court did not have any discretion in setting the rate at which Mr. Torres could earn good time credits.  The statute does not allow state judges to impose a different rate for good time credits even if the prisoner may have been promised that rate by his attorney and/or the district attorney.  *See New Mexico v. Rudolfo*, 187 P.3d 170, 178 (N.M. 2008) (explaining that "the sentencing court has no discretion whatsoever" regarding the classification of the crimes identified as "serious violent offenses" in Section 33-2-34(L)(4) which are "subject to the four day per month cap on good time eligibility") (cited in the **PF&RD** *(Doc. 23)* at 24).  Also, as explained in the **PF&RD**, at the August 17, 2007, hearing to approve the plea agreement, Mr. Torres affirmed that nobody had promised him anything to induce him to enter his plea other than what was indicated in the plea agreement.  *See* **PF&RD** *(Doc. 23)* at 23 (citing Transcript of August 17, 2007 hearing at page TR-4, submitted in response to **Order for Respondents to Submit Additional State Court Records** *(Doc. 15)*).  The Court, therefore, finds no merit to this objection and it is overruled.

In addition, Mr. Torres restates in his **Objections** and **Amended Objections** many of the same claims made in his **Application** *(Doc. 1)*, but does not provide any additional support for these claims.  The Court conducted a careful review of the **PF&RD** and finds that the Magistrate Judge's findings to which Mr. Torres objects are supported by substantial evidence in the record and do not involve any errors of law.  The Court, therefore, finds that Mr. Torres' remaining objections are without merit and are overruled.

4

Finally, Mr. Torres asks in his ***Motion to Counsel, Motion Evidentual [sic] Hearing, Motion for Basic Br[ie]f by Petitioner (Doc. 31)*** for the Court to set an evidentiary hearing and appoint him counsel.  *Document 31* at 1.  Mr. Torres asks the Court to review the audio recordings from his state court proceedings, which he states provide support for the claims he raised in his Section 2254 motion.  *Id.* at 2-4.  As explained by the Magistrate Judge in the ***PF&RD (Doc. 23)*** at 29-30, the Court will not order additional recordings without a showing of a particularized need for them, and Mr. Torres has failed to make this showing.  In addition, Mr. Torres states in his ***Motion to Counsel, Motion Evidentual [sic] Hearing, Motion for Basic Br[ie]f by Petitioner (Doc. 31)*** at 3 that he is entitled to good time credits from the date of his arrest in CR-2007-341 (March 10, 2007), instead of the date he was sentenced in that case (December 20, 2007).  Mr. Torres provides no support for this claim and, moreover, this is a new claim that was not raised in Mr. Torres' Section 2254 motion.  The Court, therefore, deems this issue waived.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the Magistrate Judge's report are deemed waived.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

***Conclusion***

Upon careful *de novo* consideration of the record of this case, the ***PF&RD*** and Mr. Torres' ***Objections*** and ***Amended Objections*** to the PF&RD, the Court finds that all of his objections are without merit.  Therefore, the Court will overrule the ***Objections*** and ***Amended Objections***, adopt the ***PF&RD***, deny Mr. Torres' ***Application*** as lacking merit, and enter a judgment dismissing this case with prejudice.  In addition, the Court will deny Mr. Torres' ***Motion to Counsel, Motion Evidentual [sic] Hearing, Motion for Basic Br[ie]f by Petitioner (Doc. 31)***

5

**IT IS THEREFORE ORDERED** that:

1.      Applicant Joseph Torres' objections contained in his ***Motion in Objection to Mag[i]strate Judge['s] Recommendation[]s and Proposed [F]inding[]s*** *(Doc. 26)* are **OVERRULED**;

2.      Applicant Joseph Torres' objections contained in his ***Amended Motion to Mag[i]strate[] Judge[']s Recommendation[]s and Objection to Pro[p]osed [F]indings*** *(Doc. 28)* are **OVERRULED**;

3.       The ***Magistrate Judge's Proposed Findings and Recommended Disposition*** *(Doc. 23)* are **ADOPTED** by the Court;

4.      Mr. Torres' ***Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*** *(Doc. 1)*, ***Motion for Respond[e]nts to Submit Additional State Court Records*** *(Doc. 17)*, ***Petitioner's Motion to Ask the Court for Other Recordings and Viod [sic] Transcript[]s*** *(Doc. 19)*, ***Motion for Order of Transcripts*** *(Doc. 20)*, and ***Motion to Counsel, Motion Evidentual [sic] Hearing, Motion for Basic Br[ie]f by Petitioner*** *(Doc. 31)* are **DENIED** as without merit; and

5.      This case be **DISMISSED WITH PREJUDICE** in a final judgment entered concurrently with this order.

**IT IS SO ORDERED**.

_____
**HONORABLE WILLIAM P. JOHNSON**
**UNITED STATES DISTRICT JUDGE**